UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Carlos Piedra, individually and on behalf all other
employees similarly situated,

                              Plaintiff,

              - against -

Ecua Restaurant Inc. d/b/a La Bamba Restaurant, Blanca O
Guallpa aka "Blanca Chauca", Louis Perez and David
Sigcha

                              Defendants.

Case No.

**COLLECTIVE ACTION
COMPLAINT**

Plaintiff Carlos Piedra ("Plaintiff") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants Ecua Restaurant Inc. d/b/a La Bamba Restaurant, Blanca O Guallpa aka "Blanca Chauca", Louis Perez and David Sigcha (collectively "Defendants"), alleges and shows the Court the following:

**INTRODUCTION**

1.      This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of

failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4.      Plaintiff further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") and New York Common law that they are entitled to recover from the Defendants: (1) overtime compensation, (2) unpaid "spread of hours" premium for each day he worked ten (10) or more hours, (3) unpaid agreed upon wages, (4) unlawful retention of wages, (5) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (6) liquidated damages equal to the sum of unpaid overtime compensation, and unpaid "spread of hours" premium pursuant to the NY Wage Theft Prevention Act, (7) prejudgment and post-judgment interest; and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.     Plaintiff Carlos Piedra is a resident of Queens and was employed as a cook, dishwasher, and kitchen prep worker by Defendants Ecua Restaurant Inc. d/b/a La Bamba Restaurant, with principal place of business at 4761 47th St, Woodside, NY 11377 from November 9, 2015 to May 9, 2017.

## CORPORATE DEFENDANT

8.     Upon information and belief, Defendant, Ecua Restaurant Inc. d/b/a La Bamba Restaurant, is a domestic business corporation organization and existing under the laws of the State of New York and maintaining its principal place of business at 4761 47th St, Woodside, NY 11377, is engaged in commerce in the United States and is otherwise subject to the FLSA.

9.     Upon information and belief, at all times relevant hereto, Corporate Defendant, is a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

10.     Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

11.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

12.     Corporate Defendant have been Plaintiff's employers within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

## INDIVIDUAL DEFENDANTS

13.     Upon information and belief, Defendant Blanca O Guallpa aka "Blanca Chauca" is the owner, officer, director and/or managing agent of Ecua Restaurant Inc. d/b/a La Bamba Restaurant at 4761 47th St, Woodside, NY 11377 and participated in the day-to-day operations of Ecua Restaurant Inc. d/b/a La Bamba Restaurant, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Ecua Restaurant Inc. d/b/a La Bamba Restaurant.

14.     Upon information and belief, Defendant Blanca O Guallpa aka "Blanca Chauca" owns the stock of Ecua Restaurant Inc. d/b/a La Bamba Restaurant and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

15.     Upon information and belief, Defendant Louis Perez is the owner, officer, director and/or managing agent of Ecua Restaurant Inc. d/b/a La Bamba Restaurant at 4761 47th St, Woodside, NY 11377 and participated in the day-to-day operations of Ecua Restaurant Inc. d/b/a La Bamba Restaurant, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Ecua Restaurant Inc. d/b/a La Bamba Restaurant.

16.     Upon information and belief, Defendant Louis Perez owns the stock of Ecua Restaurant Inc. d/b/a La Bamba Restaurant and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

17.     Upon information and belief, Defendant David Sigcha is the owner, officer, director and/or managing agent of Ecua Restaurant Inc. d/b/a La Bamba Restaurant at 4761 47th St, Woodside, NY 11377 and participated in the day-to-day operations of Ecua Restaurant Inc. d/b/a La Bamba Restaurant, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Ecua Restaurant Inc. d/b/a La Bamba Restaurant.

18.     Upon information and belief, Defendant David Sigcha owns the stock of Ecua Restaurant Inc. d/b/a La Bamba Restaurant and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

19.     At all times relevant herein, Ecua Restaurant Inc. d/b/a La Bamba Restaurant, were, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

20.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Ecua Restaurant Inc. d/b/a La Bamba Restaurant

21.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation and spread-of-hour premiums, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

22.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## **STATEMENT OF FACTS**

23.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

24.     Defendants knew that the nonpayment of overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

**Plaintiff Carlos Piedra**

25.     From November 9, 2015 to May 9, 2017, Plaintiff Carlos Piedra was hired by Defendants to work as a cook, dishwasher, and kitchen prep worker for Defendants' business.

26.     Starting November 9, 2015 to May 9, 2016 Plaintiff worked seven (7) days per week, Monday from 8:00 a.m. until 3:00 p.m., Tuesdays, Wednesday and Thursday from 9:00 a.m. until 10:00 p.m., and from Friday, Saturday and Sunday from 9:00 a.m. until 11:00 p.m. During his employment Plaintiff worked approximately eighty-eight (88) hours per week and received a flat weekly pay of $800.00.

27.     From May 10, 2016 to January 31, 2017 Plaintiff worked seven (7) days per week, Monday from 8:00 a.m. until 3:00 p.m., Tuesdays, Wednesday and Thursday from 9:00 a.m. until 10:00 p.m., and from Friday, Saturday and Sunday from 9:00 a.m. until 11:00 p.m. During this period Plaintiff worked approximately eighty-eight (88) hours per week and received a flat weekly pay of $900.00.

28.     Since February 1, 2017 until May 9, 2017 Plaintiff worked seven (6) days per week, Tuesdays, Wednesday, Thursday and Friday from 3:00 p.m. until 10:00 p.m., Saturday from 9:00 a.m. until 12:00 a.m. and Sunday from 10:00 a.m. until 12:00 a.m. During this period Plaintiff worked approximately eighty-eight (58) hours per week and received a weekly pay of $13.00 an hour.

29.     Defendants did not compensate Plaintiff overtime compensation according to state and federal laws.

30.     Defendants did not provide Plaintiff with a wage notices at the time of his hiring.

31.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

32.     Defendants knew that the nonpayment of overtime would economically injure Plaintiff and the Collective Members by their violation of federal and state laws.

33.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

34.     Plaintiff and the FLSA Collective Action Members' workdays frequently lasted longer than 10 hours.

35.     Defendants did not pay Plaintiff and other Collective Action members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

36.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

37.     Defendants did not provide Plaintiff and other Collective Action Members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective Members' pay increase(s).

## COLLECTIVE ACTION ALLEGATIONS

38.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

39.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at each of their four finishing locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

40.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

41.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than two (2) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

42.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment

law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

43.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

44.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

45.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

46. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

47. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

50.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

51.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

52.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

53.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

54.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

55.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action Members.

**COUNT II**
**[Violation of New York Labor Law—Overtime Pay]**

56.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

58.     Defendants' failure to pay overtime compensation to the Plaintiff and the Collective Action Members violated the NYLL.

59.     Defendants' failure to pay Plaintiff and the Collective Action Members was not in good faith.

## COUNT III
### [Violation of New York Labor Law—Spread of Hour Pay]

60.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

62.     Defendants' failure to pay Plaintiff's and FLSA Collective spread-of-hours pay was not in good faith.

## COUNT IV
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

63.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

64.     The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

65.     Due to the defendants' violation of the NYLL, § 195(1) each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT V
### [Violation of New York Labor Law—New York Pay Stub Requirement]

66.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

68.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiff's payday.

69.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to

$5,000 for Plaintiff for costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## Prayer for Relief

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective members, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against Ecua Restaurant Inc. d/b/a La Bamba Restaurant its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid overtime wages due under FLSA and New York Labor Law, plus

compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

g) An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

h) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

i) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful retaliation against the plaintiff pursuant The Fair Labor Standards Act §215.

j) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful retaliation against the plaintiff pursuant New York Labor Law §215.

k) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to New York Labor Law;

l) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m) The cost and disbursements of this action;

n) An award of prejudgment and post-judgment fees;

o) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York June 1, 2017      HANG & ASSOCIATES, PLLC.

*/S/ JIAN HANG*
Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiff*

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by La Bamba Restaurant. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

CARLoS PiːPnㅏa
Full Legal Name (Print)

_(signature)_
Signature

25 - 5 . 2 0 0 1 7
Date

# EXHIBIT 2

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

TO: Blanca O Guallpa aka "Blanca Chauca", Louis Perez, and David Sigcha

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Carlos Piedra, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Ecua Restaurant Inc. d/b/a La Bamba Restaurant for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them or the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

      Dated: June 1, 2017

# EXHIBIT 3

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:

    Ecua Restaurant Inc. d/b/a La Bamba Restaurant
    4761 47th St,
    Woodside, NY 11377

    PLEASE TAKE NOTICE, that Carlos Piedra, and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

    HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

    Dated: June 1, 2017